Per curiam Delivered by Livingston, justice.
It was the defendant’s duty, under the agreement stated in this case, to make a tender, to the plaintiff of John War-dell’s note immediately, or early after his discharge : the 1 giving of such note was a condition precedent to the plaintiff’s returning the note of Haynes. The tender of this note after the suit was commenced, (which was not until two years after the defendant’s discharge, and after the second bankruptcy of John Wardell) was too Tate. If it had been given sooner, the plaintiff might have turned it to | some use in the way of business without rendering himself responsible. It does not appear when the plaintiff offered to return the note of Haynes. If at the time of such proposal tire defendant had given him John War dell’s note antedated as he requested, it might have answered, and the plaintiff would have been hound by an offer, which in my opinion was not at all necessary to entitle him to this suit; at any rate as_this request was not acceded to until a day after the suit was commenced, it was too late and the plaintiff must have judgment for the sum of 270 dollars.*

 See Cockshot v. Bennet, 2 D. & E. 763. Holland Palmer. 1 Bos. & Pull 95. Smith v. Bromley Doug. 670.